UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MALIBU MEDIA, LLC,

       Plaintiff,     19-CV-6108 (AT) (OTW)

  -against-       **OPINION & ORDER**

JOHN DOE, *subscriber assigned IP address*
108.46.211.82,

       Defendant.
------------------------------------------------------------x

  **ONA T. WANG, United States Magistrate Judge:**

  Plaintiff Malibu Media, LLC ("Plaintiff") moves *ex parte* for leave pursuant to Federal Rule of Civil Procedure 26(d)(1) to serve a subpoena on non-party Internet Service Provider ("ISP") Verizon Internet Services ("Verizon") to ascertain the identity of Defendant John Doe. (ECF 7). In its Complaint, Plaintiff alleges that Defendant John Doe infringed upon Plaintiff's copyrights by downloading Plaintiff's films and distributing them without Plaintiff's authorization. For the reasons below, Plaintiff's motion is **GRANTED**.

  **I.** **Background**

  Plaintiff runs a subscription-based website streaming adult films. Declaration of Colette Pelissier (ECF 9) ¶¶ 7-8. Plaintiff alleges that Defendant used the BitTorrent file distribution network to download, copy, and distribute Plaintiff's works without authorization. *See* Complaint ("Compl.") (ECF 1), ¶¶ 11-24. To combat this suspected theft, Plaintiff hired an investigator to track the Internet Protocol ("IP") addresses of users who provided Plaintiff's

*Entertainment*, 831 F.3d 80, 88 (2d Cir. 2016). In its Complaint, Plaintiff attaches a sheet listing the United States Copyright Office registration information for its works that it claims Defendant distributed without authorization. *See* Compl., Ex. B. Plaintiff then alleges that Defendant "copied and distributed the constituent elements of Plaintiff's Works." Compl. ¶ 31; *see also* Declaration of Tobias Fieser (ECF 11) ("Fieser Decl."), ¶¶ 9-11 (attesting that digital files distributed by Defendant were copies of one of Plaintiff's copyrighted films).

Plaintiff's request is also sufficiently specific, requesting only the "true name and address" of the subscriber associated with the IP address 108.46.211.82. (ECF 8 at 5). Courts in this District have repeatedly found that information necessary to identify and serve the defendant satisfies the specificity factor. *See, e.g., Malibu Media, LLC, LLC v. Doe,* No. 18-CV-5590 (AJN), 2018 WL 3756453, at *3 (S.D.N.Y. July 19, 2018); *Malibu Media, LLC v. Doe No. 4*, No. 12-CV-2950 (JPO), 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012).

Plaintiff asserts that absent Verizon's cooperation, it would otherwise be unable to identify Defendant. *See* ECF 8 at 5; *see also Wiley*, 284 F.R.D. at 190 (noting BitTorrent only shows the user's IP address); *Digital Sin, Inc. v. Does 1-27*, No. 12-CV-3873 (JMF), 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012) (pointing out that Internet providers' protection of customers' privacy means they are the only source of subscribers' identifying information). It follows that because obtaining information from Verizon is necessary to identifying Defendant, obtaining information from Verizon regarding the subscriber's IP address is necessary for continued prosecution of this action. *See Malibu Media, LLC*, 2018 WL 3756453, at *3 (noting inability to serve the defendant would effectively terminate the litigation); *Sony*

*Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (finding Doe defendants' identities "critical").

Lastly, "ISP subscribers have a minimal expectation of privacy in the transmission or distribution of copyrighted material." *Wiley*, 284 F.R.D. at 191; *see also Malibu Media, LLC v. John Does 1-11*, No. 12-CV-3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 6, 2013) (finding courts in this District agree on "minimal" privacy expectation for copyright infringers). Any concern about identifying the wrong individual and subsequent undue embarrassment can be alleviated with the Court's procedural safeguards described below. *See Digital Sin*, 2012 WL 2036035, at *4.

### III. Conclusion

Accordingly, Plaintiff's Motion for Leave to Serve a Third-Party Subpoena, ECF 7, is hereby **GRANTED**. Plaintiff's request for an expedited hearing on its motion, ECF 13, is **DENIED** as moot.

To protect the rights of Verizon and Defendant John Doe, it is **ORDERED** that:

Plaintiff may immediately serve a Rule 45 subpoena on Verizon, limited to obtaining only the name and address of the subscriber associated with IP address 108.46.211.82. Plaintiff shall not threaten to disclose Defendant's identifying information to non-parties and may only use the subpoenaed information for purposes of this litigation. Plaintiff shall include a copy of this Order, as well as the attached Notice to Defendant, with the subpoena.

Verizon shall have thirty (30) days from the date it is served the subpoena to serve the subscriber with a copy of the subpoena and a copy of this Order. Verizon may use any

reasonable means to provide such notice, including, but not limited to, written notice to the subscriber's last known address.

The subscriber shall have forty-five (45) days from the date they are served the subpoena to file any motion with the Court to contest the subpoena, including any request to litigate the subpoena anonymously. Verizon shall not turn over the subscriber's identifying information to Plaintiff before the expiration of this 45-day period. Verizon may also move to contest the subpoena consistent with Federal Rule of Civil Procedure 45. If the subscriber or Verizon files a motion to contest the subpoena, Verizon may not turn over any information to Plaintiff pursuant to the subpoena until the Court has resolved all such motions and ordered Verizon to disclose the information.

If the 45-day period lapses without the subscriber or Verizon contesting the subpoena, Verizon shall have ten (10) days to produce to Plaintiff all the information necessary to comply with the subpoena.

Verizon shall preserve any subpoenaed information pending the resolution of any motion to contest the subpoena.

The Clerk is directed to close ECF 7 and ECF 13.

**SO ORDERED.**

Dated: November 14, 2019  
New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge

**NOTICE TO DEFENDANT**

1. You are a defendant in *Malibu Media, LLC v. John Doe, subscriber assigned IP address 108.46.211.82*, 19-CV-6108 (AT) (OTW), a case now pending before the Honorable Analisa Torres, United States District Judge for the Southern District of New York, and the Honorable Ona T. Wang, United States Magistrate Judge for the Southern District of New York.

2. Attached is Judge Wang's Order dated November 14, 2019, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the Pro Se Intake Unit. The Pro Se Intake Unit is located in Room 200 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 45 days of the date that you receive the subpoena from your ISP. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the Pro Se Intake Unit, as described in paragraph 3. You should also inform your ISP that you intend to contest the subpoena so that it does not release your information to the plaintiff.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may request to proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still request to proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the Pro Se Intake Unit, as described in paragraph 3. This must be done within 45 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.

11. The Court also notes that there is a legal clinic in this District to assist individual parties in civil cases who do not have lawyers.  The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court.  The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22.  The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.  You may make an appointment with the Clinic by calling (212) 659-6190.